UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THE INTEGRA HILLS, | ) |
|     *Plaintiff*, | ) ) ) ) |
| v. | ) )    No. 1:19-cv-00312-JRG-SKL |
| JENNIFER NORMAN, | ) ) ) ) |
|     *Defendant*. | ) |

## REPORT AND RECOMMENDATION

On November 4, 2019, pro se Defendant Jennifer Norman filed a "Notice of Removal to Federal Court" [Doc. 2], a "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441(B)" [Doc. 3], and an application to proceed *in forma pauperis* ("IFP Application") [Doc. 1]. Later that same day, Defendant filed a motion to withdraw her notice of removal [Doc. 4].

Generally, a defendant may remove to federal court any civil action over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). However, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546 (1986)). Further, if at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3). Similarly, when dealing with a removal action, the Court is instructed: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

There is no federal question jurisdiction (28 U.S.C. § 1331) in this case to justify removal. Defendant asserts in her petition for removal that the eviction proceeding violates the Fair Debt Collection Practices Act, a federal statute; however, it is "well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction,'" and they do not "establish an objectively reasonable basis for removal." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (citations omitted).

Defendant also fails to meet the requirements for removal based on diversity jurisdiction. She asserts Plaintiff Integra Hills, presumably her lessor, is registered and headquartered in Georgia, but diversity jurisdiction also requires the amount in controversy exceed $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Halsey v. AGCO Corp.*, 755 F. App'x 524, 526-27 (6th Cir. 2018). Defendant does not allege or make any suggestion that the amount in controversy exceeds $75,000, and the detainer summons attached to her notice of removal indicates Plaintiff is seeking only $3,275.37 in unpaid rent. Even counting any damages, attorney fees, and costs of possession, this matter plainly does not involve anywhere near $75,000 in controversy.

For these reasons, I **RECOMMEND**[1] Defendant's motion to withdraw her petition for removal [Doc. 4] be granted, this matter be remanded to the Hamilton County General Sessions

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Court, and this federal case be closed. I further **RECOMMEND** Defendant's IFP Application [Doc. 1] be denied as moot.

    ENTER:

                                                      s/ *Susan K. Lee*
                                                      SUSAN K. LEE
                                                      UNITED STATES MAGISTRATE JUDGE